Citation Nr: 1542408 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 15-31 589 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Health Care System in Gainesville, Florida


THE ISSUE

Entitlement to payment or reimbursement of unauthorized medical expenses incurred at a private medical facility between July 8 and July 12, 2014.


ATTORNEY FOR THE BOARD

A-L Evans, Associate Counsel











INTRODUCTION

The Veteran served on active duty from February 1954 to February 1957. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of a January 2015 decision by the Department of Veterans Affairs (VA) Health Care System in Gainesville, Florida.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the agency of original jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran seeks payment or reimbursement of unauthorized medical expenses incurred as a result of treatment received from Shands Hospital at the University of Florida in July 2014. The Veteran's principal diagnosis for treatment was subdural hematoma. 

Generally, in order to be entitled to payment or reimbursement of private medical expenses not previously authorized, a claimant must satisfy the conditions outlined by 38 U.S.C.A. § 1728 or 38 U.S.C.A. § 1725 and the implementing regulations. 

In this case, at the time of the Veteran's private medical treatment, service connection was not established for any disability. As such, any medical services (treatment) were for a nonservice-connected disorder and the applicable law in this case is 38 U.S.C.A. § 1725. 

The Board notes that the AOJ denied the Veteran's claim on the basis that he had not filed a timely claim for reimbursement as one was not filed within the requisite 90 days. See 38 U.S.C.A. § 1725 and 38 C.F.R. § 17.1004(d)(1)-(4) (2015). The Veteran appealed the decision. 

In his notice of disagreement, the Veteran indicated that he disagreed with the VA Healthcare System's denial of 5 reimbursement claims. A review of the record reflects that only 2 claims have been associated with the claims file. One for $133.00 and one for $46.00. While on remand, the AOJ must ascertain if there are any additional medical reimbursement claims pertaining to his July 2014 hospitalization. Also, the Veteran should be asked whether he can show any claim pertaining to this treatment was filed in a timely manner.

Next, it is unclear if the Veteran has medical insurance provided by a health care company, which has covered any expenses for this July 2014 hospitalization. A review of the health insurance claim forms indicate that the Veteran's health care plan is covered by Tricare; however, the record does not reflect whether his claims for reimbursement of medical expenses have been submitted to a healthcare provider, and if so, whether any of the claimed expenses have been reimbursed. Further, it is not clear is whether the Veteran tried to exhaust third party payment/insurance options, which could potentially extend the filing deadline beyond 90 days. See 38 C.F.R. 17.1004 (d)(4) (shows that claim must be filed within 90 days of the date the Veteran finally exhausted without success, action to obtain payment or reimbursement for the treatment from a third party). Accordingly, the AOJ must also contact the Veteran to ask him to submit all information he has (if any) regarding any health plan contract or insurance coverage and ascertain whether attempts to exhaust the Veteran's payment options were made.

Accordingly, the case is REMANDED for the following actions:

1. Contact the Veteran and afford him the opportunity to identify or submit any additional claims or records not already associated with his file, which may include billing statements and invoices, concerning the medical expenses pertaining to the July 2014 hospitalization, including whether he can show any relevant claim was submitted in a timely fashion. 

In addition, the Veteran must be asked to submit all information he has (if any) regarding a health plan contract or insurance coverage, to include Medicare or Tricare, and the dates on which such was effective and the extent of the coverage. 

If information is provided regarding a health plan contract or insurance coverage, the Veteran should also be requested to provide evidence of the date in which attempts to obtain third party payment were conducted and finally exhausted.

2. After completing the above development, and determining if there is any other pending claim for the treatment in question, readjudicate the issue on appeal. If the benefit sought remains denied, provide an additional supplemental statement of the case to the Veteran, and return the appeal to the Board for appellate review, after the Veteran has had an adequate opportunity to respond. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for 

Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).